UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Dan M.<br><br>                         Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner of Social Security,<br><br>                        Defendant. | Civil No. 3:22-cv-00664-SRU<br><br><br><br><br><br><br>May 19, 2022 |

## ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The plaintiff, Dan M.,[1] has moved for leave to proceed *in forma pauperis* – in other words, he has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits him to do so if, among other things, he submits an affidavit listing his assets and showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, the plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1]     Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, the Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only his or her personal resources, but also the resources of persons who support him. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, the Plaintiff's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit stating that he has not worked since 2014. (ECF No. 2-1, at 3.) Other than Husky D state health insurance, he receives no income or government benefits of any kind, and he says that he owns no assets other than a $200 checking account. (*Id.* at 3-4.) Although he has no income or assets, he nevertheless incurs expenses of $2,230.67 each month on rent, utilities, car insurance, cable television, and other items. (*Id.* at 4.)

Perhaps anticipating that the court would ask him to explain how he sustains himself when his expenses exceed his income by $2,230.67 each month, the Plaintiff says that "[h]is parents have been loaning him money for 10 years." (*Id.* at 5.) He adds that his parents "expect to be paid back," and he claims to be indebted to them in the amount of $160,000. (*Id.*) His motion paper

adds that although his parents "have been supporting him for a long time," they "are not financially able to continue to do so." (Motion for Leave to File In Forma Pauperis, ECF No. 2, at 1.)

The motion paper is unsworn, but even if the court were to credit it, it only suggests that the Plaintiff's parents do not support him anymore. It does not say who *does* support him. When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status. *See, e.g., Amanda M. v. Kijakazi*, No. 3:22-cv-00353 (SRU) (TOF), 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022) ("Because no one can live on no income and no assets . . . these sorts of affidavits must be incomplete and, by extension, fail to support *in forma pauperis* status"); *Pierre*, 2018 WL 10072449, at *1 (denying motion for leave to proceed *in forma pauperis* when the plaintiff "claim[ed] that he ha[d] no assets and receive[d] no support from a spouse or from any other source," but "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid").

The court therefore orders that, by June 2, 2022, the Plaintiff must either (a) pay the filing fee or (b) submit a revised financial affidavit explaining in detail how he supports himself. It may be that his parents have recently stopped supporting him, and that he has not yet identified another source of support; if that is the case, he must say so not in an unsworn submission from his counsel, but rather in his own affidavit or declaration made under penalty of perjury. Alternatively, it may be that his parents are still supporting him, however much they may wish to stop; in that case, the revised affidavit must include a more detailed statement of their resources and ability to pay the fee.[2] Or it may be that the Plaintiff has induced another person to support him; in that event, the

---

[2]   It does not suffice to say – as the Plaintiff does in his affidavit – that the parents "receive Social Security" and "are retired." (Pl.s' Aff., ECF No. 2-1, at 5.) Many retired Social Security recipients have the resources to pay the filing fee.

revised affidavit must include a statement of that person's resources and ability to pay the fee.  In any case, the Plaintiff must explain how he supports himself.  Finally, any revised affidavit must explain why the Plaintiff disclaimed owning a car, yet claimed $156.67 in monthly car insurance expense.

The Plaintiff is respectfully advised that, if he neither pays the filing fee nor submits a revised financial affidavit by June 2, 2022, his case may be dismissed.

*/s/ Thomas O. Farrish*
Hon. Thomas O. Farrish
United States Magistrate Judge
